Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>EFRAÍN CORDERO LÓPEZ<br><br>Parte Peticionaria | KLCE202300307 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Civil núm.:<br>A IS2016G0003<br><br>Sobre:<br>Art. 142/Agresión Sexual |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de abril de 2023.

Comparece por derecho propio y en forma *pauperis* el señor Efraín Cordero López (Sr. Cordero) mediante recurso suscrito el 16 de marzo de 2023, y recibido por nuestra Secretaría el 23 de marzo de 2023. Solicita que revoquemos la orden emitida y notificada el 28 de febrero de 2023, por el Tribunal de Primera Instancia (TPI), Sala de Aguadilla, que le ordenó agotar remedios administrativos en respuesta a su moción por derecho propio.

En su escueto recurso, el Sr. Cordero indica que solicitó al TPI que ordenara a la División de Récord Criminal del Departamento de Corrección y Rehabilitación cumplir con una presunta orden judicial que decretó la reducción de su sentencia.

Sin embargo, el Sr. Cordero no acompañó su recurso con copia de su moción por derecho propio. Solamente acompañó copia de la orden recurrida y su notificación, realizada mediante el Formulario Único de Notificación OAT1812. Igualmente, incluyó copia de la *Solicitud de Remedios Administrativos* número ICG-1474-22, y la correspondiente *Solicitud de Reconsideración,* presentadas el 16 de diciembre de 2022, y el 10 de enero de 2023,

respectivamente, ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (Departamento).

De dichos documentos, surge que el Sr. Cordero ampara su solicitud en la Resolución dictada por el Tribunal de Apelaciones el 25 de febrero de 2020, en el recurso KLCE201901452 (*El Pueblo de Puerto Rico v. Efraín Cordero López*). En dicho dictamen, otro panel de este Tribunal denegó la expedición del auto de *certiorari.* A su vez, expresó que el reclamo del Sr. Cordero - para que se acreditara a su Hoja de Liquidación de Sentencia el tiempo que estuvo participando del Programa de Servicios con Antelación al Juicio bajo las condiciones (*lock down*) que impuso el TPI en una resolución de 7 de marzo de 2016 - debía invocarse ante el Departamento, por ser la agencia que maneja el sistema de bonificación y liquidación de sentencias de los confinados.

Como se observa, la Resolución del recurso KLCE201901452 no decretó la reducción de su sentencia, sino que indicó que la controversia debía ventilarse primeramente a nivel administrativo antes de buscar un remedio en los tribunales.

En su recurso, el Sr. Cordero no mencionó algún otro decreto u orden judicial. De hecho, los documentos que el Sr. Cordero acompañó con su recurso acreditan que éste ya acudió al foro administrativo en busca de tal remedio.

Por tanto, disponemos del asunto sin trámite ulterior[1], y tras considerar los argumentos formulados por el Sr. Cordero en su recurso, a la luz de los criterios de la Regla 40 de nuestro Reglamento[2], resolvemos que no encontramos indicio alguno que justifique nuestra intervención con el dictamen recurrido.

---

[1] *Véase,* Regla 7 (B)(5) del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[2] *Íd.*

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones